## LININGER v WESTERN & SOUTHERN LIFE INS CO

Ohio Appeals, 2nd Dist, Franklin Co

No 2533. Decided April 7, 1936

Harry Kohn, Columbus, and James B. Yaw, Columbus, for appellant.

Vorys, Sater, Seymour & Pease, Columbus, for appellee.

## OPINION

By BODEY, J.

This cause comes into this court on appeal from the Common Pleas Court of Franklin County.

Plaintiff's petition contains three causes of action. In her first cause of action, plaintiff alleged that the defendant had issued an insurance policy upon the life of her husband in the face amount of $3000.00; that said policy covered accidental death in an additional sum of $3000.00; that plaintiff's husband met his death by accidental means; that defendant paid to plaintiff on account of said death the sum of $4000.00 only, leaving a balance due under the terms of said policy of $2000.00.

Plaintiff's second cause of action sets forth a similar policy of the face value of $500.00, with a double indemnity feature of a similar character, and alleges that defendant only paid thereon the sum of $250.00, leaving a balance due of $750.00.

In her third cause of action plaintiff, after incorporating the allegations contained in the other two causes of action, alleged that on October 4, 1932 the defendant, through its agent, represented to plaintiff that the semi-annual premium payable in consideration of the death benefits provided for in said policies had not been paid at the time of the delivery thereof or in time thereafter sufficient to validate the same and that the said policy contracts were null and void; that to the knowledge of defendant said representations were false and untrue; that said premiums had been fully and duly paid and said policies were in full force and effect; that plaintiff relied upon said false representations, believing them to be true, and was induced thereby to execute a release to defendant in full of its liability on these two policies upon its payment to her of the sum of $4250.00; that upon discovery of said false representations plaintiff tendered back to defendant said sum of $4250.00 and demanded the surrender and cancellation of said release; that defendant refused said tender and refused to rescind and cancel the release.

Plaintiff prays that said release be re-

scinded, cancelled and held for naught and that she recover from defendant the sum of $2750.00.

Defendant answered this petition and its answer to the third cause of action is in effect a general denial.

For reply to the answer to this third cause of action plaintiff repeats the allegation of her petition and says that by reason thereof said release was null, void and of no effect.

The matter is submitted to the court upon the issues raised by the third cause of action, the answer thereto and plaintiff's reply to said answer.

The evidence shows that the policy described in the first cause of action was applied for by the insured on March 12, 1932; that the sum of $5.00 was paid on the premium on said date; that said policy was issued on March 15, 1932, but was not delivered to the insured until March 31, 1932, on which latter date the balance of the semi-annual premium was paid in full; that the supplemental contract providing for the accidental death benefit contained the following clause: "Failure to pay the additional premium on account hereof, or any installment of said additional premium, when due, shall forthwith and automatically terminate this supplementary contract, which may be re-instated only at the option of the Company"; that the policy referred to in the second cause of action was an industrial policy providing for the payment of weekly premiums and that the same contained a grace period of four weeks and that said policy was not in arrears beyond the four weeks period at the date of death; that said release was executed by plaintiff in the office of James B. Yaw, who was then and there acting as her attorney; that there were present at the conference preceding the execution thereof and at the time of said execution in addition to Mr. Yaw and the plaintiff two representatives of defendant, viz: Elmer L. Keeler, Special Home Office Representative and Claim Adjuster and William Glaser, Manager of the Columbus South District of defendant; that at said conference Keeler represented to plaintiff and her attorney that the premiums on the $3000.00 policy should have been paid in full on March 15, 1932, that the same were not paid until March 31, 1932, and that, therefore, the double liability part of said policy had become automatically cancelled, that the premiums on the industrial policy were more than four weeks in arrears and that, therefore, the same rule applied to that policy; that Keeler believed said rep-

resentations to be true when the same were made; that all parties concerned conceded and agreed that the premiums had been paid and had been accepted by the defendant prior to the death of the insured; that as a matter of fact the premiums on the larger policy were paid when the policy was delivered and were paid when due.

By reason of the fact that the premiums on each of these policies had been paid prior to the death of the insured ██ and had been accepted by the defendant, the policies were in effect as a matter of law. This question has been determined by the Supreme Court of Ohio in the case of **The Mutual Life Insurance Company v Julia M. French et, 30 Oh St, 240.** We quote the general rule from the language found in 14 R.C.L., 1189, §367:

"The cases are numerous which hold that the acceptance of a premium after the time when it should have been paid is a waiver of the forfeiture which might have been enforced because it was not paid when due. * * * It is also a well settled rule of law that where an insurer has knowledge of facts entitling it to treat a policy as no longer in force, and thereafter it receives a premium on the policy, it is estopped to take advantage of the forfeiture. It can not treat the policy as void for the purpose of defense to an action to recover for a loss thereafter occurring, and at the same time treat it as valid for the purpose of earning and collecting further premiums."

This being the law, each party to the conference concerning adjustment of loss was presumed to have knowledge thereof. Regardless of representations concerning the date of payment of premiums which were made by defendant's agent, Keeler, both plaintiff and her attorney were presumed to know that liability had attached to said policies by reason of the acceptance of the premiums by the defendant. It is our view that these representations of defendant's agent were of opinion and law rather than of fact. If they were representations of fact they could not have been material. Plaintiff could not have been misled thereby since she and her attorney were presumed to know the law. We believe that the case of **The Aetna Insurance Company v Reed, 33 Oh St, 283,** is dispositive of plaintiff's contention. In that case the adjuster for the Insurance Company advised the insured that he had no legal claim against

the insurer on his policy. The agent of the insurer read some law to the insured and advised him generally that, although he m'ght confer with an attorney, he would find that no liability existed. Without consulting an attorney, the insured executed a release for the sum of $100.00, the coverage of the policies aggregating $2750.00. Thereafter, the insured sued at law for recovery on the policy. The insurer set up the release in defense. By reply the insured admitted the signing of the release but alleged that such signing was procured through the fraud and deceit of defendant's agent in that said aegnt represented to the plaintiff 'that said policy and addenda were of no binding force and not obligatory upon the defendant by reason of plaintiff's said loss,' that said representations were made , the intent to deceive and were relied upon by plaintiff. The second and third branches of the syllabus of this case read thus:

"2. An action will lie for a false representation of a material fact, whether the party making it knew it to be false or not, if he had no reason to believe it to be tiue, when made, and it was don. with the intention of 'nducing the person to whom made to act upon it, and the latter does so, sustaining a damage in consequence.

3. Where an agent of an insurance company makes representations to one having a claim for a loss against the company, the parties standing in antagonistic relations to each other, that the latter had no claim or rights that he could enforce by legal proceedings, such representations are only opinion representations upon which he had no right to rely; and if he does so rely, it must be at his own risk, because the truth or falsehood of such representations ccuia be ascertained by ordinary diligence."

Although the above case is one at law we are inclined to believe that the facts are such that a sim'lar rule would have been an~~unced by the ~rt if the case had been one in equity. The facts in the instant case are similar and stronger. In this case the plaintiff had her attorney present during the entire negotiations and she relied upon him for advice concerning the law. If that advice was not correct, or, if the action which she took would not have been taken if she had been fully acquainted with the law on the subject, she may not now be heard to complain because she herself is presumed to know the law.

We are aware that some courts have

adopted a rule in equity which permits a release to be set aside when misrepresentations concerning questions of law have been made. Many of these cases are found in the note in 96 A.L.R., 1001. We have examined all of these cases. With a possible single exception, we find that the cases have all turned upon the peculiar facts present. In most of the caess the beneficiary has been aged,' simple of mind, under great mental stress and easily influenced. No one of these elements is present in the case at bar. While this case is one in equity we do not feel that the facts and circumstances are such as to warrant the court to depart from the rule laid down by the Supreme Court in the case of the Aetna Insurance Company v Reed, supra.

On the issues joined by plaintiff's third cause of action, defendant's answer and plaintiff's reply, we find in favor of the defendant and against the plaintiff. Plaintiff should pay the costs. An entry may be drawn accordingly saving exceptions.

BARNES, PJ, and HORNBECK, J, concur.